IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH HENRY, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 3:18-CV-1086-N | |
| § | | |
| SPECTRUM, LLC, AND CHARTER § | | |
| COMMUNICATIONS, LLC, f/d/b/a/ § | | |
| TIME WARNER CABLE TEXAS, LLC, § | | |
| § | | |
| Defendant. § | | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Kenneth Henry's ("Henry") objection [66] to Defendant Spectrum, LLC and Charter Communications, LLC f/d/b/a Time Warner Cable Texas, LLC's ("Time Warner") bill of costs [65]. For the reasons below, the Court grants in part and denies in part Time Warner's requested costs.

## I. THE BILL OF COSTS DISPUTE

On April 27, 2018, Henry filed suit against Time Warner alleging employment discrimination in violation of the Americans with Disabilities Act ("ADA") and retaliation for his worker's compensation claim in violation of the Texas Labor Code. Compl. 3–4 [1]. This Court subsequently granted Time Warner summary judgment on Henry's ADA and Texas Labor Code claims. March 19, 2019, Mem. Op. and Order [63]. Time Warner then filed its bill of costs seeking $9,186.47 in costs. Bill of Costs 1 [65]. Henry objects to Time Warner's costs.

## II. RULE 54(D) LEGAL STANDARD

ORDER – PAGE 1

Federal Rule of Civil Procedure 54(d)(1) provides that costs shall be awarded to a prevailing party unless the court otherwise directs. FED. R. CIV. P. 54(d). 28 U.S.C. § 1920 defines the "costs" courts may award as:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Whether something was "necessarily obtained for use in the case is a factual determination to be made by the district court." *Fogelman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Prevailing parties bear the burden of establishing necessity. *Id.*

### III. THE COURT GRANTS IN PART AND DENIES IN PART TIME WARNER'S REQUESTED COSTS

The Court awards Time Warner its requested costs except for the $651.40 cost of Henry's second deposition transcript. Time Warner provided itemized lists of its costs, a declaration detailing the relevance and necessity of those costs, and invoices substantiating its requests. Bill of Costs Ex. 1–3 [65], [65-1], [65-2], [65-3]. The Court finds that Time Warner has largely carried its burden of showing the necessity of its costs and awards all costs excepting those of Henry's second deposition transcript, which it denies.

#### A. *Texas Workforce Commission Transcript and Records*

Henry argues that Time Warner should not recover the cost of obtaining a copy of the Texas Workforce Commission ("TWC") transcript from his unemployment appeal hearing because Time Warner did not use this evidence in its motion for summary

ORDER – PAGE 2

judgment. Costs may be necessarily incurred in a case, however, even if a prevailing party does not use the acquired evidence at trial or in a dispositive motion. *Fogelman*, 920 F.2d at 286 (holding that costs for document copies, as with deposition transcripts, may be taxed even if not used at trial); *Lovell v. Glen Oaks Hosp.*, Inc., 1999 WL 1029091, at *3 (N.D. Tex. 1999) (finding that TWC files "need not be introduced into evidence for them to be considered necessary for a case"). Further, Time Warner did in fact cite to the TWC appeal transcript in it motion for summary judgment briefing. Def.'s Summary Judgment Appx. 146–50 [19]. The declaration Time Warner submitted also states that it used the transcript to evaluate Henry's legal claims and damages and that it would have used it at trial. Decl. Christine E. Reinhard 3 [65-1]. The Court thus finds that it was necessarily obtained for the case and awards costs for it.

Henry also contends that Time Warner's costs for obtaining Henry's TWC records are unrecoverable because he provided these to Time Warner on June 6, 2017. This is inapposite because Time Warner obtained these records and provided them to Henry on May 9, 2017, roughly one month before Henry produced them to Time Warner. Def.'s Resp. Pltf.'s Obj. Bill Costs 2 [68]; Ex. 2 [68-2]. Time Warner also provided a sworn declaration explaining these records were used to verify that Henry had timely exhausted the necessary administrative remedies prior to filing this suit and to obtain evidence regarding damages mitigation. Decl. Christine E. Reinhard 3–4 [65-1]. Accordingly, the Court finds these costs were necessary to the case.

### B. Henry's Medical and Employment Records

Time Warner seeks costs incurred in obtaining Henry's medical records and his employment records. Henry opposes both requests on the grounds that he provided Time Warner with medical authorization and that he provided his W-2 forms and pay stubs. He also argues that subsequent employment records were irrelevant. The Court agrees with Time Warner.

Henry's HIPPA authorization permitted Time Warner to access his medical records but was not tantamount to providing those records, which Time Warner still had to obtain. Time Warner's declaration explains that these records were used to prepare for trial by evaluating Henry's disability-related claims and compensatory damages he sought, both of which are relevant to Henry's ADA claims against Time Warner. *Id.* at 4–5. The Court finds these costs were necessary to the case.

Costs for Henry's post-Time Warner employment records are also recoverable. While Henry provided some pay record documentation to Time Warner, he did not provide complete records. The pay records Henry produced for Staples, Wal-Mart, and Central Freight did not cover the entirety of his employment with those employers. Def.'s Resp. Pltf.'s Obj. Bill Costs 4–5 [68]; *see* Exs.4–6, 9–11. The records Henry produced for his employment with Tarrant County did not reveal why he left its employment or what he represented to it regarding his employment with Time Warner. Def.'s Resp. Pltf.'s Obj. Bill Costs 4–5 [68]; *see* Exs. 7–8. For three of his subsequent employers — FTS, USA, LLC; Emergency Ice, Inc.; and Sears, Roebuck & Co. — Henry provided no records at all. Def.'s Resp. Pltf.'s Obj. Bill Costs 3–5 [68].

In contrast, the records Time Warner obtained from each of these employers contained information not included in Henry's incomplete records. *Id.* at 3–5. Henry's subsequent employment records were potentially relevant to Time Warner's mitigation and offset defenses and as potential evidence to impeach Henry. Excepting the Tarrant County records, Time Warner identified excerpts from all the employment records it obtained as potential trial exhibits. Decl. Christine E. Reinhard 4 [65-1]. The Court consequently finds that these costs were necessary and awards them.

### C. Deposition Transcripts

Courts may tax deposition costs if the prevailing party shows that "all or any part [of the deposition] was necessarily obtained for use in the case." *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, Inc.*, 729 F.2d 1530, 1553 (5th Cir. 1984) (citations and internal quotations omitted). "[A]s long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs." *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999).

**1. Deposition Transcripts for Time Warner's Witnesses.** Time Warner seeks costs for transcript copies of depositions of its own witnesses. While some courts have denied costs for deposition transcripts of the prevailing party's witnesses, the Fifth Circuit has never categorically held that costs could not be awarded for such transcripts. *See Cypress-Fairbanks Indep. Sch. Dist. v. Michael F. by Barry F.*, 118 F.3d 245, 257–58 (5th Cir. 1997) (holding that the prevailing party could not recover costs for depositions of its own witnesses that it initiated but not announcing a general rule). In fact, this Court has repeatedly awarded these costs if the prevailing party could show the transcripts were

ORDER – PAGE 5

necessary to the case. *Eagle Oil & Gas Co. v. Travelers Property Casualty Co. of Am.*, 2015 WL 12696493, at *4 (N.D. Tex. 2015) ("[E]ven if it would have been unlikely that [the prevailing party] would have used the depositions of its own witnesses during trial, it would have been reasonable to expect to use the depositions in motion practice and trial preparation."); *see also Spear Mkting., Inc. v. Bancorpsouth Bank*, 2016 WL 193586, at *13 (N.D. Tex. 2016). Here, Time Warner cited portions of each of these depositions in its summary judgment briefing, submitted these transcripts to the Court as exhibits, and states that it would have used these in preparation for trial had its motion for summary judgment not succeeded. Decl. Christine E. Reinhard 2–3 [65-1]. The Court thus finds that the transcripts were necessary and awards costs.

**2. LeGros's Second Deposition.** Henry argues that Time Warner should not recover the costs for Vickie LeGros's ("LeGros") second deposition, claiming it was necessitated by Time Warner's refusal to produce LeGros's notes prior to her first deposition. Time Warner responds that it notified Henry of these notes prior to LeGros's first deposition and offered to produce them if Henry agreed to keep them confidential, but he did not. Def.'s Resp. Pltf.'s Obj. Bill Costs 5, Ex. 12 [68] [68-12]. Time Warner did produce these notes to Henry after he later signed a confidentiality agreement. *Id.* at Ex. 13 [68-13]. Because Henry could have procured these notes by agreeing to keep them confidential until court resolution of his objections, he cannot blame LeGros's second deposition on Time Warner's actions or use this as a basis to avoid costs.

**3. Hawkin's Deposition.** Henry's sole argument against awarding costs for Jack Hawkins ("Hawkins") deposition is that Time Warner delayed this deposition — which

was taken just prior to this Court granting its motion for summary judgment — because it knew that Hawkins's testimony would contradict that of its other witnesses. Whether Hawkins's testimony contradicted that of other witnesses is irrelevant and does not support denying Time Warner costs it incurred for Hawkins's deposition. The Court awards costs.

**4. Deposition on Written Questions to ESIS.** Henry claims that his deposition on written questions to Time Warner's third-party worker's compensation administrator, ESIS, was initiated because Time Warner represented that there were no adjuster's notes and that, consequently, Time Warner should not recover costs for its copy of ESIS's response. Time Warner denies making this representation, and Henry offers no proof that Time Warner did so. Def.'s Resp. Pltf.'s Obj. Bill Costs 8 [68]. Further, Time Warner states that it procured its copy of these records to evaluate Henry's workers compensation retaliation claim and any statements from Henry that could be used for impeachment or rebuttal at trial. Decl. Christine E. Reinhard 5 [65-1]. The Court finds this was necessary to the case and awards costs.

**5. Expedited Costs.** The Fifth Circuit has held that "a copy of a deposition obtained on an expedited basis is not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript." *U.S. ex rel Long v. GSDMIdea City, LLC*, 807 F.3d 125, 132 (5th Cir. 2015) (internal quotation omitted). This Court did not approve an expedited fee, and while Time Warner argues that this fee was necessary because Henry delayed the date of his deposition, it has presented no proof of that. Time Warner indicated in a September 21, 2018, letter that it wished to schedule a second deposition for Henry. Def.'s Resp. Pltf.'s Obj. Bill

ORDER – PAGE 7

Costs Ex. 15, 1 [68-15]. It then waited nearly two months until November 16, 2018, to notice a December 6, 2018, deposition to Henry.[1]  *Id.* at 2.  Time Warner has not explained why it could not have sought to schedule Henry's deposition prior to September 2018 or why, after its initial scheduling attempt in September 2018, it waited until November 16, 2018, to follow up with Henry.  If Time Warner attempted to contact Henry beyond its initial September 2018 letter, it has produced no documentation of that.  Consequently, the Court finds that the expedited transcript processing fee was for the convenience of counsel and was not necessary to the case.

The Court would normally deny only the expedited fee, but Time Warner has not sufficiently demonstrated what portion of the deposition costs may be attributed to expedited processing.  Time Warner argues that the fee is the difference in the per-page cost charged for the transcript of Henry's second deposition ($7.50) and the lower per-page cost ($2.00) charged for two other deposition transcripts.  Bill of Costs Ex. 1, 12–14 [65-2].  Nothing on the invoices confirms that, however, and it is possible that the difference in per-page costs may be caused by other factors, such as transcript size.  Time Warner also does not account for the different per-page cost ($5.25) of another deposition transcript, which seems to undercut its theory that $2.00 is the base per-page cost for nonexpedited transcripts.  *Id.* at 3.  The Court thus declines to award Time Warner $651.40, the cost of Henry's second deposition transcript.  *Id.* at 2.

---

[1] At this point, Time Warner would not have been able to procure a transcript copy prior to the deadline for dispositive motions, December 24, 2018, if it had used the standard, three-week processing time.  Def.'s Resp. Pltf.'s Obj. Bill Costs 7 [68].

ORDER – PAGE 8

### D. The Court Declines to Exercise its Discretion to Refuse Costs

Lastly, Henry argues that this Court should exercise its discretion to decline to award costs, citing to the Fifth Circuit's opinion in *Pacheco v. Mineta*. *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citing several factors used by courts to determine whether to exercise discretion to decline to award costs but not endorsing any of those factors). Henry has not, however, shown that any of those factors are present in this case. *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 429 (5th Cir. 2010) (stating that the nonprevailing party bears the burden of proving that discretion is warranted). Consequently, the Court declines to exercise is discretion to refuse costs.

### CONCLUSION

Because Time Warner has shown that all its costs except those for Henry's second deposition transcript were necessary to the case, the Court awards $8,535.07 in costs to Time Warner.

Signed February 5, 2020.

David C. Godbey
United States District Judge